IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA F. BERKHEIMER, | ) | Case No. 3:20-cv-49 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff Melinda F. Berkheimer appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Court finds that the Commissioner's decision should be **AFFIRMED**.

I.    **Procedural History**

On October 1, 2013, Berkheimer filed an application for SSI, alleging a disability onset date of March 1, 2007. (R. 123, 648) Berkheimer's application was initially denied on February 10, 2014. (R. 13) An Administrative Law Judge ("ALJ") held a hearing on June 14, 2016. (R. 13) The ALJ issued a decision September 22, 2016, finding that Berkheimer was not disabled. (R. 13–25) On December 12, 2017, the Appeals Council denied Berkheimer's request for review of the ALJ's Decision. (R. 1–5) On March 8, 2019, another Judge on this Court vacated the decision of the Commissioner and remanded the case for

further administrative proceedings. *Berkheimer v. Berryhill*, No. CV 18-27, 2019 WL 1099764 (W.D. Pa. Mar. 8, 2019). (R. 736–742)

On remand, the case was assigned to a different ALJ who held a hearing on December 4, 2019. (R. 648) The ALJ issued a decision on January 9, 2020 ("Decision"), finding that Berkheimer was not disabled. (R. 648–59)

## II.   Issues

Berkheimer presents the following issue for review:

1. [Whether] [t]he ALJ's RFC determination is unsupported by substantial evidence due to her failure to reconcile the favorably weighed opinion with the limitations presented to the vocational expert. Additionally, the ALJ has failed to reconcile her own psychiatric review technique with the RFC determination.

(ECF No. 16 at 1) For clarity, the Court divides Berkheimer's issue presented into four discrete issues:

1. Whether the ALJ's RFC determination is not supported by substantial evidence where the ALJ failed to include several limitations identified by one of Berkheimer's medical providers in the RFC or explain why they were not included in the RFC.

2. Whether the ALJ's RFC determination is not supported by substantial evidence where the ALJ found that Berkheimer had moderate limitations in maintaining concentration, persistence, and pace but did not account for these limitations in the RFC.

3. Whether the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to weigh or mention the opinion of consultative examiner Dr. Charles Kennedy.

4. Whether the ALJ's Step Five finding was not supported by substantial evidence because it relied on the vocational expert's hypothetical which was based on an RFC that did not include all of Berkheimer's limitations.

III.   Discussion

    a. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's Decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014). "The Commissioner's findings of fact are binding if they are supported by substantial evidence." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. Nat'l Labor Rels. Bd.*, 305 U.S. 197, 229 (1938)). Substantial evidence "is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'" *Zirnsak*, 777 F.3d at 610 (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005)). The Court "review[s] the record as a whole to determine whether substantial evidence supports a factual finding." *Id.* (quoting *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Finally, the Court "review[s] the ALJ's application of the law de novo." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007).

    b. Evaluation Process

The ALJ evaluates disability claims according to a sequential five-step process. 20 C.F.R. § 404.1520(a)(4). "First, the Commissioner considers whether the claimant is 'engaging in substantial gainful activity.'" *Zirnsak*, 777 F.3d at 611 (quoting 20 C.F.R.

§ 404.1520(a)(4)(i)).  If the claimant is engaging in substantial gainful activity, then the claimant is not disabled.  *Id.*  "Second, the Commissioner considers the severity of the claimant's impairment(s)."  *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(ii).  If at step two "the claimant's impairment(s) are either not severe or do not meet the duration requirement, the claimant is not disabled."  *Id.*  "Third, the Commissioner considers whether the claimant's impairment(s) meet or equal the requirements of one of the Commissioner's listed impairments."  *Id.* (quoting 20 C.F.R. § 404.1520(a)(4)(iii)).  If at step three "the claimant's impairment(s) meet [or exceed] the requirements of a listed impairment, then the claimant is disabled."  *Id.*

If the claimant's impairments do not meet or exceed a listed impairment "then the inquiry proceeds to the fourth step, where the Commissioner considers whether the claimant can return to her past work."  *Id.*  In determining whether the claimant can perform past relevant work, the claimant's residual function capacity ("RFC") is assessed.  *Id.*  "A claimant's RFC measures 'the most [she] can do despite [her] limitations.'"  *Id.* (quoting 20 C.F.R. § 404.1545(a)(1)) (alterations in original).  In assessing the claimant's RFC, the "Commissioner examines 'all of the relevant medical and other evidence' to make its RFC determination."  *Id.* (quoting 20 C.F.R. § 404.1545(a)(3)).  If the claimant can perform past relevant work, then the claimant is found to be not disabled.  *Id.*  The claimant bears the burden of satisfying the first four steps by a preponderance of the evidence.  *Id.*

At step five, "the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing."  *Id.* at 612 (citing 20 C.F.R. § 404.1520(a)(4)(v); *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987)).  To meet this burden,

"the Commissioner must produce evidence that establishes that 'work exists in significant numbers in the national economy that [the claimant] can do.'" *Id.* (quoting 20 C.F.R. § 404.1560). The Commissioner uses the RFC, as well the testimony of vocational experts and specialists, to establish that work exists in significant numbers in the national economy that the claimant is capable of performing. *Id.* "[E]ntitlement to benefits is dependent upon finding the claimant is incapable of performing work in the national economy." *Id.* (internal quotation marks omitted).

### c. The ALJ's Evaluation of Berkheimer on Remand

On remand, the ALJ found that Berkheimer "ha[d] not engaged in substantial gainful activity since October 1, 2013, the application date." (R. 650) At step two, the ALJ found that Berkheimer "had the following severe impairments: a history of aortic aneurysm, a depressive disorder, an anxiety disorder, asthma, GERD, hypertension, vertigo, cervical degenerative disc disease and abdominal artheroscleroosis." (R. 651) Further, the ALJ found that these "medically determinable impairments significantly limit the ability to perform basic work activities." (R. 651) At step three, the ALJ found that Berkheimer "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. 651)

The ALJ found that Berkheimer has the RFC "to perform light work[,] . . . except the claimant can sit, stand and walk for at least six hours. She can lift and carry 20 pounds frequently and frequently twist, stoop, bend, crouch, squat, climb ladders and stairs, look in all directions, perform all manipulative actions." (R. 652) Further, Berkheimer "will be off tasks 10 percent of the work day," "[s]he can occasionally interact with coworkers,

supervisors and members of the general public," and "[s]he will be absent one day per month." (R. 652)

At step four, the ALJ determined that Berkheimer "has no past relevant work." (R. 657) Finally, at step five the ALJ determined that, "[c]onsidering [Berkheimer's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Berkheimer] can perform." (R. 657) Accordingly, the ALJ found that Berkheimer "has not been under a disability . . . since October 1, 2013, the date the application was filed." (R. 658)

### d. Analysis

#### i. The ALJ's RFC determination adequately addressed all the limitations that PA Yingling included in her evaluation, so the RFC is supported by substantial evidence.

Berkheimer first contends that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to reconcile the favorably weighed opinion of Physician's Assistant ("PA") Tera Yingling with the limitations presented by the vocational expert ("VE"). (ECF No. 16 at 11–15) Berkheimer contends that the ALJ said that she gave "great weight" to the opinion of PA Yingling, which was co-signed by Dr. Henry Shoenthal, but the ALJ left out many of the significant limitations contained in PA Yingling's evaluation form, resulting in the RFC and hypothetical questioning to the VE being unsupported by substantial evidence. (*Id.*) In particular, Berkheimer contends that the ALJ did not account for several of Berkheimer's limitations that PA Yingling noted as "[l]imited but satisfactory": (1) understand and remember very short and simple instructions; (2)

accept instructions and respond appropriately to criticism from supervisors; (3) deal with normal work stress; (4) travel in unfamiliar places, and (5) use public transportation. (ECF No. 16 at 13; R. 1364)  The ALJ included several other limitations that PA Yingling also marked as "[l]imited but satisfactory" in the RFC. (R. 652, 1364)  Thus, Berkheimer argues that these limitations were implicitly rejected by the ALJ without any explanation. (ECF No. 16 at 15)  Because these limitations were not included in the RFC, Berkheimer contends the RFC was in error because the hypothetical question posed to the VE did not include all of Berkheimer's impairments. (*Id.*)

The Commissioner contends that these five limitations are not actual limitations since PA Yingling's opinion was that they were satisfactory, not significant. (ECF No. 22 at 9)  Further, even if these are limitations, the Commissioner argues that the ALJ was not required to match PA Yingling's opinion and include any limitations in her opinion wholesale. (*Id.* at 9–10)  The Commissioner finally argues that the RFC adequately reflected these limitations. (*Id.*)

It is the ALJ's responsibility to determine a Plaintiff's RFC. *Garrett v. Comm'r of Soc. Sec.*, 274 F. App'x 159, 163 (3d Cir. 2008).  In assessing a claimant's RFC, the ALJ is to consider all of a claimant's medically determinable impairments, as well as all of the relevant evidence pertaining to those impairments, including medical records, statements from medical sources, and descriptions by the claimant of her limitations. 20 C.F.R. §§ 404.1545(a)(3)–(4).  "[T]he ALJ's RFC determination must include all of Plaintiff's limitations, but only those limitations that are fully credible, or supported by objective evidence, need be included." *Guzman v. Berryhill*, No. CV 17-199, 2018 WL 2984961, at *1

(W.D. Pa. June 14, 2018) (quoting *Pettway v. Colvin*, No. 14-6334, 2016 WL 5939159, at *8 (E.D. Pa. Apr. 8, 2016)). "Nothing in the Social Security Act or governing regulations requires the ALJ to obtain matching 'opinion' evidence in order to fashion a claimant's RFC." *Id.* (quoting *Vargas v. Berryhill*, No. 16-02003, 2018 WL 1938312, at *8 (M.D. Pa. Mar. 13, 2018)).

Here, PA Yingling completed a Medical Source Statement form. (R. 1363–70) Part of that form requests the provider completing the form fill-out a chart that lists twenty-one "Mental Abilities and Aptitude Needed to do Particular Types of Jobs" and asks the provider to rate each ability or aptitude into one of five categories: (1) unlimited or very good; (2) limited but satisfactory; (3) seriously limited, but not precluded; (4) unable to meet competitive standards; and (5) no useful ability to function. (R. 1364) The form defines only the latter three categories (the three most limited categories) and asks the provider to "[e]xplain limitations falling in the three most limited categories . . . and include the medical/clinical findings that support this assessment." (R. 1364)

PA Yingling marked the abilities/aptitudes at issue here as all within the "limited but satisfactory" category and PA Yingling noted that he "[a]nswered to the best of my ability. Many of these situations have never been discussed specifically at [appointments]." (R. 1364)

The ALJ stated in the Decision that the Berkheimer "had deficits and exacerbations of mental conditions suggestive of vocational limitations, but the conservative management of these conditions did not support a finding of greater mental limitations than those [in the RFC]." (R. 655) The ALJ noted that ,on the Medical Source Statement form, PA Yinging

noted that Berkheimer's "depressive and anxiety symptoms were stable, and her stressors were mostly caused by her oldest son." (R. 655) The ALJ further noted that Berkheimer had "infrequent exacerbations of anxiety symptoms" which supports the off-task limitation and missing work limitation. (R. 655) The ALJ also specifically noted that the off task and absenteeism restrictions were based in-part on Berkheimer's anxiety symptoms. (R. 655) Finally, the ALJ noted that Berkheimer reports that she needs someone to accompany her places and that she is less social, but found that these deficits with conservative management did not support a finding of greater limitations in the RFC. (R. 655–56)

The ALJ also specifically found that Dr. Shoenthala's statement that Berkheimer would be absent two times per month was not consistent with "the conservative management of [Berkheimer's] . . . mental conditions." (R. 656) In giving "little weight to the opinion of Dr. Shoenthala," the ALJ highlighted that Berkheimer was "not currently receiving treatment for her mental health impairments other than medication through a primary care provider" and that she had "not been hospitalized for mental health impairments." (R. 656)

The ALJ also specifically addressed Berkheimer's mental limitations as follows:

> With regard to [Berkheimer's] mental limitations, I give great weight to the opinions of the State agency psychological consultant . . . and the psychological consultative examiner . . . . These doctors noted limitations in similar areas such as interactions with others, responding to changes, responding to work pressure and accepting instructions. These limitations are consistent with one another and the opinion of the claimant's physician's assistant. [] These limitations are also consistent with the record, which showed panic symptoms in public and distracted thought []. Furthermore, to the extent of these limitations are consistent with the mostly conservative management of the claimant's conditions, which included medications, therapy, and counseling. For these reasons, I give these opinions great weight. I have accounted for the claimant's problems responding to change

>and work pressure with off task and absenteeism limitations [in the RFC]. I have further included the social restrictions [in the RFC] to accommodate the social problems noted in these opinions.

(R. 656–57) Finally, the ALJ concluded that "[w]hile [Berkheimer] had mental and physical deficits[,] . . . the extent of these deficits and the conservative management did not support a finding of greater limitations that those set forth [in the RFC]." (R. 657)

The ALJ's RFC determination was supported by substantial evidence. "[T]he ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). The RFC determination is not required to match the medical opinions. *Guzman*, 2018 WL 2984961, at *1. Thus, the ALJ was not required to include each of the five "limited but satisfactory" mental abilities/aptitudes into the RFC exactly as described by PA Yingling.

Contrary to Berkheimer's argument, the ALJ did not reject these opinions of PA Yingling. Although these "limited but satisfactory" mental abilities/aptitudes were not included explicitly as part of the RFC, the ALJ repeatedly addressed Berkheimer's mental conditions in explaining her RFC determination. (R. 652–57) Specifically, the ALJ noted that Berkheimer's treatment for her mental conditions was "largely conservative in nature," her anxiety was "managed with routine medication . . . and counseling," her issues with change and work pressure were accounted for in the RFC, and the "conservative management of [her mental] conditions did not support a finding of greater mental limitations than those set forth [in the RFC]." (R. 655–57) Thus, the conditions underlying the mental abilities/limitations at issue (e.g., issues with travel to unfamiliar places and use

of public transportation being the result of her anxiety) or the abilities/conditions themselves were part of the RFC. Furthermore, the ALJ specifically stated that she was taking Berkheimer's mental conditions into account when crafting the RFC—namely, in the off task and absenteeism limitations. (R. 652–57) So, the ALJ's overall conclusion regarding Berkheimer's mental limitations was that they were adequately addressed in the RFC by the off-task and absenteeism limitations and that no further limitations were necessary in the RFC. In other words, the ALJ did not reject these mental limitations but found them to be not severe enough to support an additional limitation in the RFC. This is consistent with PA Yinging listing these five abilities/aptitudes as being "limited *but satisfactory*." (R. 1364 (emphasis added))  Accordingly, the ALJ's RFC determination was supported by substantial evidence as the ALJ adequately explained how these limitations were incorporated into the RFC, so no explanation for rejecting these limitations was necessary.[1]

### ii. The ALJ adequately accounted for the moderate limitations in maintaining concentration, persistence, and pace in the RFC.

Second, Berkheimer contends that the RFC was in error because the ALJ found that Berkheimer had "moderate limitations" in maintaining concentration, persistence, and pace but did not account for these limitations in the RFC. (ECF No. 16 at 14) In support of her position, Berkheimer relies on *Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004). There, the Third Circuit found error where the ALJ's hypothetical to the VE did not account for a

---

[1] Even if the RFC could be considered a rejection of these limitations, it was adequately explained by the ALJ. The ALJ explained that Berkheimer's limitations were accounted for by the off task and absenteeism limitations and her history and treatment did not indicate that these limitations were sufficiently severe to support additional limitations in the RFC.

finding that the claimant "often suffered from deficiencies in concentration, persistence, or pace." *Id.* at 554.

The Commissioner argues that the facts here are distinguishable from *Ramirez* because, in *Rarmirez*, the evidence suggested that Ramirez's deficiency in pace would limit her ability to perform simple tasks under a production quota, whereas here there is no evidence to suggest that Berkheimer's deficiency in pace would limit her ability to perform unskilled work. (ECF No. 22 at 10) In addition, PA Yingling opined that Berkheimer's deficiencies in concentration, persistence, or pace would result in her being off-task—that is, unable to maintain attention or perform at a consistent pace—ten percent of the day and would miss one day of work per month, which was adopted by the ALJ. (*Id.*)

The ALJ stated that "[w]ith regard to concentrating, persisting or maintaining pace, the claimant has a moderate limitation." (R. 652) After stating this, the ALJ goes on the explain that:

> The claimant reported problems completing tasks and concentrating. She said she has panic symptoms with chores and running errands. However, the claimant's reported activities indicated no more than mild limitation in this area. The claimant reported she can make easy meals, and she can drive a car. She reported she can handle her financial limitations. She reported she can pay attention and follow instructions []. these reported activities indicated no more than moderate limitations in this area.

(R. 652)

PA Yingling opined that Berkheimer would be off task 10% of the workday, where being off task was defined as being "unable to maintain attention or perform at a consistent pace." (R. 1365) This limitation was included in the RFC. (R. 652) The ALJ concluded:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause

-12-

>the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The claimant's conservative management and extent of the objective medical evidence did not support the extent of her allegations. These factors also did not support greater limitations than those set forth above.

(R. 653) The ALJ's off-task and absenteeism limitations adequately conveyed Berkheimer's moderate limitation regarding concentration, persistence, and pace. Unlike in *Ramirez*, the ALJ did not find that Berkheimer's deficiencies in concentration, persistence, and pace occurred often. *See Ramirez*, 372 F.3d at 554. PA Yinging's opinion that Berkheimer would be off-task 10% of the time due to concentration and pace was part of the RFC and PA Yingling did not include any other limitations to account for deficiencies in concentration, persistence, and pace. (R. 1365) Accordingly, the ALJ adequately conveyed the moderate limitations in maintaining concentration, persistence, and pace in the RFC.

### iii. The ALJ adequately considered and accounted for the opinions of consultative examiner Charles Kennedy, Ph.D.

Third, Berkheimer argues that the ALJ failed to weigh or mention the opinion of consultative examiner Charles Kennedy, Ph.D., who had opined that Berkheimer would have moderate limitations in responding appropriately to work pressures in a usual work setting and responding appropriately to changes in a routine work setting. (ECF No. 16 at 14) Berkheimer contends that the failure to weigh the opinion of Dr. Kennedy was error and the ALJ did not explain why she rejected his opinion. (*Id.*) Further, Berkheimer contends that there was additional error because Dr. Kennedy's limitations would have impacted the RFC. (*Id.*)

The Commissioner contends that this argument is without merit because the ALJ considered and gave great weight to Dr. Kennedy's opinion in her analysis. (ECF No. 22 at 10)

The ALJ stated that she gave "great weight" to the opinion of Dr. Kennedy, the psychological consultative examiner. (R. 656) The ALJ found that Dr. Kennedy's opinions were consistent with the other evidence in the record. (R. 656–57) The ALJ stated that Berkheimer's "problems responding to change and work pressure" were accounted for "with the off task and absenteeism limitations." (R. 657) Accordingly, Dr. Kennedy's opinions were considered and specifically incorporated into the RFC that the ALJ crafted. Thus, there was no error.

### iv. The VE's testimony based on hypothetical questions based on the RFC and the ALJ's Step Five findings were supported by substantial evidence.

Fourth, Berkheimer contends that the VE's testimony does not support the ALJs' findings at Step Five. (ECF No. 16 at 15) Berkheimer's argument is premised on the previously discussed allegations of error regarding the RFC leading to a hypothetical posed to the VE that did not reflect all of her impairments, as is required. *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987) (requiring that a hypothetical question "must reflect all of a claimant's impairments that are supported by the record"). (*Id.*) The Commissioner contends that the ALJ "captured all of [Berkheimer's] credibly established limitations in the RFC finding, identified the substantial evidentiary basis for the RFC finding, and included

a narrative discussion in the decision that permits meaningful judicial review." (ECF No. 22 at 10)

For the reasons discussed above, because the RFC determination was not in error, the corresponding hypotheticals to the VE were not in error and reflected all of Berkheimer's impairments. *See Chrupcala*, 829 F.2d at 1276. Thus, the ALJ's finding at Step Five based on the VE's testimony in response to the hypotheticals posed to the VE was supported by substantial evidence. *See Rutherford v. Barnhart*, 399 F.3d 546, 554–55 (3d Cir. 2005).

### IV. Conclusion

Based on the foregoing, the Court finds that the Commissioner's decision should be affirmed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA F. BERKHEIMER, | ) | Case No. 3:20-cv-49 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 19th day of July, 2021, upon consideration of Plaintiff's Motion for Summary Judgment and brief in support (ECF Nos. 15, 16), Defendant's Motion for Summary Judgment and brief in support (ECF Nos. 21, 22), and Plaintiff's Reply Brief (ECF No. 23), and for the reasons set forth in the accompanying Memorandum Opinion, **IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment (ECF No. 15) is **DENIED. IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 21) is **GRANTED.**

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**